**Anne CIACCIARELLA, Plaintiff,**

v.

**Michael BRONKO, Kevin Delgobbo, Len Greene, Donald Zehnder, Jr., Defendants.**

**No. 3:07cv1241 (MRK).**

United States District Court, D. Connecticut.

Jan. 28, 2008.

Norman A. Pattis, Law Offices of Norman A. Pattis, LLC, Bethany, CT, for Plaintiff.

James Newhall Tallberg, Karsten, Dorman & Tallberg LLC, West Hartford, CT, Robert S. Kolesnik, Kolesnik & Norris, Waterbury, CT, Christine Anne Robinson, Richard A. O'Connor, Sachner & O'Connor, Middlebury, CT, for Defendants.

### RULING AND ORDER

MARK R. KRAVITZ, District Judge.

Currently pending before the Court is Defendants Len Greene and Kevin Del-Gobbo's Motion to Dismiss [doc. # 32] the Amended Complaint [doc. # 24] against them. At the risk of over-simplification, Ms. Ciacciarella's claims are founded on her assertion that Naugatuck Mayor Bronko directed Mr. Zehnder, Naugatuck's part-time town counsel, to fire Ms. Ciacciarella from her paralegal position in Mr. Zehnder's law office because of Ms. Ciacciarella's support for Mayor Bronko's opponent and because of her political affiliation. According to Ms. Ciacciarella, Mr. Zehnder was given an ultimatum and told that he would lose his position as town counsel if he did not fire Ms. Ciacciarella. Ms. Ciacciarella asserts her claims under 42 U.S.C. § 1983 and under state law.

Messrs. Greene and DelGobbo, both of whom are State Representatives to the General Assembly, move to dismiss the § 1983 claims against them on the grounds that they are not state actors and that Ms. Ciacciarella has not sufficiently pleaded a joint undertaking or enterprise between them and the Mayor. They also argue that because Ms. Ciacciarella is not a public employee, she cannot sue under the First Amendment for losing her private sector job, even if—as she alleges—the loss of the job was politically motivated and directed by the Mayor. Finally, they ask this Court not to exercise supplemental jurisdiction over Ms. Ciacciarella's state law claims.

■ On a motion to dismiss, the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of" Ms. Ciacciarella. *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir.2007); *see, e.g., Desiano v. Warner–Lambert Co.,* 326 F.3d 339, 347 (2d Cir.2003). The Supreme Court's decision in *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), has raised "[c]onsiderable uncertainty concerning the standard for assessing the adequacy of pleadings," *Iqbal v. Hasty,* 490 F.3d 143, 155 (2d Cir.2007), on a motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* The Second Circuit has held that *Twombly* requires a "flexible 'plausibility standard,'" which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Id.* at 157–58 (quoting *Twombly,* —— U.S. at ——, 127 S.Ct. at 1968). Nevertheless, even after *Iqbal* and *Twombly,* the issue on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Desiano,* 326 F.3d at 347 (quotation marks omitted); *see Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

■ Here, the Amended Complaint [doc. # 24] alleges that each defendant "acted in concert with one another for the express purpose [of] preventing the plaintiff from working in defendant Zehnder's law office" (¶ 11); that the "object of the conspiracy [among the defendants] was to prevent the plaintiff, a Democrat, from enjoying the spoils of a Republican administration" (¶ 11); that "[i]n a series of meetings between May 7, 2007 and May 23, 2007, defendants Bronko, DelGobbo and Greene concluded that the plaintiff's employment with defendant Zehnder would make it impossible for defendant Zehnder to serve as town counsel" (¶ 17); and that "[t]he three defendants agreed that defendant Zehnder would be given an ultimatum either to fire the plaintiff or lose his position as town counsel" (¶ 17).

These allegations of conspiracy and joint activity among Mayor Bronko and Messrs. DelGobbo and Greene are sufficient to withstand the motion to dismiss. *See, e.g., Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) ("[O]ur precedents indicate that a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."); *Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 313 (2d Cir. 2003) (state action may properly be found "where the private actor 'operates as a willful participant in joint activity with the State or its agents'") (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 296, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)); *Colon v. Town of West Hartford,* No. 3:00cv168(AHN), 2001 WL 45464, at *7 (D.Conn. Jan. 5, 2001) ("A private party involved in a conspiracy with state actors can be liable under § 1983, but to sustain such a claim, the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right."); *Szekeres v. Schaeffer,* 304 F.Supp.2d 296, 304–05 (D.Conn. 2004) (same).

■ Regarding Defendants' objection that Ms. Ciacciarella is not a public employee, it is true that cases such as *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), and *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), involved public employees, but courts have applied those cases beyond public employees to state contractors, for example. *See, e.g., O'Hare Truck Serv., Inc. v. City of Northlake,* 518 U.S. 712, 725, 116 S.Ct. 2353, 135 L.Ed.2d 874 (1996) (political affiliation); *Bd. of County Comm'rs v. Umbehr,* 518 U.S. 668, 673, 116 S.Ct. 2361, 135 L.Ed.2d 843 (1996) (pro-

tected speech); *African Trade & Info. Ctr., Inc. v. Abromaitis,* 294 F.3d 355, 360 (2d Cir.2002); *Coogan v. Smyers,* 134 F.3d 479, 484 (2d Cir.1998). While not definitively deciding this issue at this point (because the facts are not yet fully developed), the Court sees no reason why it would offend the Constitution to apply the rationale underlying those cases to Ms. Ciacciarella's situation. After all, she is alleging that defendants conspired with one another to take affirmative steps to deprive her of employment with an individual who was town counsel, based solely upon her political party affiliation and her support of the Mayor's opponent.

The Court emphasizes that Ms. Ciacciarella has a difficult burden to shoulder in this case and that the Court has not made any determination at this point whether she will be able to shoulder that burden. All the Court has decided is that Ms. Ciacciarella has pleaded enough to get beyond the motion to dismiss stage. Accordingly, Defendants' Motion to Dismiss [doc. # 32] is DENIED.

IT IS SO ORDERED.